**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEBBIE FELIX, an individual; on behalf of herself and all others similarly situated, | CASE NO.: |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL AND CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACTS** |
| MERCANTILE ADJUSTMENT BUREAU, LLC, a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## I. PRELIMINARY STATEMENT

1. Plaintiff, DEBBIE FELIX ("Plaintiff" or "FELIX"), on her own behalf and on behalf of the classes she seek to represent, brings this action for the illegal practices of the Defendant MERCANTILE ADJUSTMENT BUREAU, LLC ("MERCANTILE") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that MERCANTILE's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("RFDCPA").

3. Such collection practices include, *inter alia*:

(a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of MERCANTILE's identity;

(b) Using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(c) Leaving telephonic voice messages for consumers, which use the name of a business, company, or organization name other than the true name of the debt collector's business, company, or organization.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

-3-

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization, 15 U.S.C. § 1692e(14).

8. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on her own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The California legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

9. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, RFDCPA, and all other common law or statutory regimes.

10. This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## II.  PARTIES

11. FELIX is a natural person.

12. At all times relevant to this lawsuit, FELIX was a citizen of, and resided in, the City of Garden Grove, Orange County, California.

13. At all times relevant to this lawsuit, MERCANTILE is a for-profit Limited Liability Company existing pursuant to the laws of the State of New York.

14. MERCANTILE maintains its principal business address at 6390 Main Street, Suite 160, Village of Williamsville, Erie County, New York.

15. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. The Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

16. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of MERCANTILE that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by MERCANTILE and, therefore, are personally liable for all of the

wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

17.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

18.     Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

19.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

20.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the Plaintiff's claims occurred within this federal judicial district, and because MERCANTILE is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS CONCERNING PLAINTIFF

21.     Sometime prior to March 2010, FELIX allegedly incurred a financial obligation ("Felix Obligation").

22.     The Felix Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23.     Defendants contend that FELIX defaulted on the Felix Obligation.

24.     The Felix Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25.     The Felix Obligation is a "debt" as defined by Cal. Civ. Code §1788.2(d).

26.     FELIX is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

27. FELIX is, at all times relevant to this complaint, a "person" as that term is defined by Cal. Civ. Code §1788.2(g).

28. FELIX is, at all times relevant to this complaint, a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

29. FELIX is informed and believes, and on that basis alleges, that sometime prior to March 2010, the Felix Obligation was either directly or through intermediate transactions assigned, placed, transferred, or sold to MERCANTILE for collection.

30. MERCANTILE collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

31. MERCANTILE is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

32. MERCANTILE is, at all times relevant to this complaint, a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

33. MERCANTILE is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

34. Within the one year immediately preceding the filing of this complaint, MERCANTILE contacted FELIX via telephone in an attempt to collect the Felix Obligation.

35. On August 18, 2010, FELIX, along with other similarly situated consumers, filed a class action complaint against MERCANTILE alleging that MERCANTILE had a policy and practice of leaving telephonic voice messages for consumers, which, *inter alia*, failed to meaningfully identify MERCANTILE by name as the caller and provide the disclosures required by 15 U.S.C. § 1692e(11) ("First Felix Lawsuit").

36. The First Felix Lawsuit was filed in the United States District Court for the Western District of New York, and was captioned as follows: *Karl Krug, et al. v. Mercantile Adjustment Bureau, LLC*, Case No. 1:10-cv-00689-WMS.

37. The First Felix Lawsuit was ultimately resolved on an individual basis, and a stipulation of dismissal was filed with the Court on November 12, 2010, which was granted by the Court on November 16, 2010.

38. On various dates following November 12, 2010, MERCANTILE continued its efforts to collect the Felix Obligation by calling FELIX and leaving her telephonic voice messages, which, *inter alia*, failed to meaningfully identify MERCANTILE by name as the caller and provide the disclosures required by 15 U.S.C. § 1692e(11).

39. On January 5, 2011, Plaintiff filed a second class action lawsuit against MERCANTILE alleging that MERCANTILE has a policy and practice of leaving telephonic voice messages for consumers, which, *inter alia*, failed to provide meaningfully identify MERCANTILE by name as the caller and provide the disclosures required by 15 U.S.C. § 1692e(11) ("Second Felix Lawsuit").

40. The Second Felix Lawsuit is filed in the United States District Court for the Western District of New York, and is captioned as follows: *Debbie Felix, et al. v. Mercantile Adjustment Bureau, LLC*, Case No. 1:11-cv-00008-WMS.

41. On January 17, 2011, MERCANTILE was personally with the summons and complaint in the Second Felix Lawsuit.

42. The Second Felix Lawsuit remains pending.

43. Since January 17, 2011, MERCANTILE continued its efforts to collect the Felix Obligation by calling FELIX and leaving her telephonic voice messages, which, *inter alia*, fail to

meaningfully identify MERCANTILE as the caller and, as alleged, *infra*, uses the name of a business, company, or organization name other than the true name of the debt collector's business, company, or organization.

44. At all times relevant to this complaint, MERCANTILE knew that FELIX was represented by attorneys, specifically, the Law Office of Robert L. Arleo and the Law Office of William F. Horn with respect to the Felix Obligation.

45. At no time did FELIX, the Law Office of Robert L. Arleo or the Law Office of William F. Horn notify MERCANTILE that they had ceased representing FELIX with respect to the Felix Obligation.

46. At no time did FELIX, the Law Office of Robert L. Arleo or the Law Office of William F. Horn consent to permitting MERCANTILE to have direct communication with FELIX concerning the Felix Obligation.

47. At all times relevant to this complaint, MERCANTILE had knowledge of, or could readily ascertain, the contact information for the Law Office of Robert L. Arleo and the Law Office of William F. Horn.

48. Since January 17, 2011, MERCANTILE continues to place telephone calls to FELIX and leave scores of "pre-recorded" telephonic voice messages on her home telephone answering machine and cellular telephone voicemail in an attempt to collect the Felix Obligation ("Messages").

49. The following is a transcription of one such "pre-recorded" Message that MERCANTILE has left for FELIX on multiple dates since February 2011:

> "Hello, this is a message for -- *Debbie Felix*. If you are not -- *Debbie Felix* -- please disconnect this call. By continuing to listen to this message you acknowledge you are -- *Debbie Felix*. This is -- *Bank of America* -- from Mercantile Adjustment Bureau. Please contact me about an important

    personal business matter at 1-877-764-3252. This communication is from
    a debt collector. This is an attempt to collect a debt, and any information
    will be used for that purpose.

50.   Each of the Messages was left by persons employed as debt collectors by MERCANTILE in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

51.   Each of the Messages was left by persons employed as debt collectors by MERCANTILE in connection with the collection of a "debt" as defined by Cal. Civ. Code §1788.2(d).

52.   Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

53.   MERCANTILE is not "Bank of America."

54.   The statement in the Messages that "This is -- *Bank of America*…" is false deceptive, and misleading.

55.   The statement in the Messages that "This is -- *Bank of America* -- from Mercantile Adjustment Bureau" is false, deceptive, and misleading.

56.   The statement in the Messages that "This is -- *Bank of America* -- from Mercantile Adjustment Bureau" is confusing to the Plaintiff and least sophisticated consumer and, therefore, it is false, deceptive, and misleading.

57.   The statement in the Messages that "This is -- *Bank of America* -- from Mercantile Adjustment Bureau" is grammatically incorrect and, therefore, it is false, deceptive, and misleading.

58.   MERCANTILE could have easily made the following statement in the Messages: "This is Mercantile Adjustment Bureau" instead of stating "This is Bank of America;" however, it chose not to do so.

59. When Plaintiff heard the Messages, she believed that Bank of America was attempting to contact her.

60. Each of the Messages uniformly failed to provide meaningful identification of MERCANTILE's identity as the caller.

61. The telephone number "1-877-764-3252" is answered by is answered by persons who are employed by MERCANTILE as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

62. To date, FELIX has not received any written correspondence from MERCANTILE.

63. The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by MERCANTILE, and then provide that debt collector with personal information.

64. MERCANTILE intended that the Messages have the effect of confusing Plaintiff and least sophisticated consumers thereby causing them to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the true identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

65. Scores of federal court decisions -- including the 11th Circuit Court of Appeals and Districts Courts within the State of New York and California -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt

collection company and stating the nature and/or purpose of the call.

66. At all times relevant to this action, MERCANTILE was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

67. At all times relevant to this action, MERCANTILE willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

68. MERCANTILE's act of leaving the Messages for Plaintiff is conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA and RFDCPA.

69. MERCANTILE's act of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA and RFDCPA.

70. The FDCPA and RFDCPA secure a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that MERCANTILE is a debt collector in a manner understandable to the least sophisticated consumer, MERCANTILE has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V.  POLICIES AND PRACTICES COMPLAINED OF

71. It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA and RFDCPA by, *inter alia*:

   (a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of MERCANTILE's identity;

   (b) Using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

   (c) Leaving telephonic voice messages for consumers, which use the name of a business, company, or organization name other than the true name of the debt collector's business, company, or organization.

72. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI.  CLASS ALLEGATIONS

73. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

74. This claim is brought on behalf of a Plaintiff Class, consisting of (a) all persons (b) with addresses in the State of California (c) for whom Defendant left an automated voicemail or answering machine message (d) that identified the caller as "Bank of America" (e) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

75. The identities of all class members are readily ascertainable from the records of MERCANTILE, Bank of America, and those other entities on whose behalf it attempt to collects debts.

76. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

77. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), and 1692e(14), and Cal. Civ. Code §§ 1788.11(b), 1788.13(a), 1788.13(i), and 1788.17.

78. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

79. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

80. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined, *supra*, is so numerous that joinder of all members

would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are:

    (i) Whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), and 1692e(14); and

    (ii) Whether the Defendants' telephonic voice messages, such as the Messages, violate Cal. Civ. Code §§ 1788.11(b), 1788.13(a), 1788.13(i), and 1788.17.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

81. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for MERCANTILE, which, on information and belief, collects debts throughout the United States of America.

82. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §1692d, 1692d(6), 1692e, 1692e(10), and 1692e(14), and Cal. Civ. Code §§ 1788.11(b), 1788.13(a), 1788.13(i), and 1788.17 is tantamount to declaratory relief and any monetary relief under the FDCPA and RFDCPA would be merely incidental to that determination.

83. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

84. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the definition of the proposed class and/ or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

85. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

86. Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b) Placing telephone calls without providing meaningful disclosure of MERCANTILE's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c) Leaving telephonic voice messages for consumers, which make false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and 1692e(10);

(d) Leaving telephonic voice messages for consumers, which make false, deceptive, or misleading representations or means to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and 1692e(10); and

(e) Using the name of a business, company, or organization other than the true name of the debt collector's business, company, or organization, which constitutes a violation of 15 U.S.C. § 1692e(14).

## VIII.  SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

87. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

88. Defendants violated the RFDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a) Placing telephone calls without providing meaningful disclosure of MERCANTILE's identity as the caller in violation of Cal. Civ. Code § 1788.11(b);

(b) Communicating with the debtor other than in the name of the debt collector in violation of Cal. Civ. Code § 1788.13(a);

(c) Making false, deceptive, and misleading representations of the true nature of the business or services being rendered by the debt collector in violation of Cal. Civ. Code § 1788.13(i); and

(d) Leaving telephonic voice messages for FELIX in an attempt to collect a debt, wherein the Defendants violated 15 U.S.C. §§ 1692, *et seq.*, as set forth above in Plaintiff's First Cause of Action and is, therefore, also a violation of Cal. Civ. Code § 1788.17.

## IX.  PRAYER FOR RELIEF

89. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

   (i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing FELIX and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

   (ii) An award of the maximum statutory damages for FELIX and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

   (iii) Declaratory relief adjudicating that MERCANTILE's telephone messages violate the FDCPA;

   (iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

   (v) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:

   (i) An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing FELIX and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

   (ii) An award of the maximum statutory damages for FELIX and the Plaintiff Class pursuant to Cal. Civ. Code §1788.30(b);

   (iii) Declaratory relief adjudicating that MERCANTILE's telephone messages violate

the RFDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to Cal. Civ. Code §1788.30(c), Cal. Code Civ. Proc. § 1021.5, and/or under the substantial benefit and common fund doctrine in an amount to be determined at trial; and

(v) For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:  Fresh Meadows, New York
April 4, 2011

*(signature)*
_____
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003
E-Mail:  bill@wfhlegal.com

Robert L. Arleo, Esq. (RA-7506)
LAW OFFICE OF ROBERT L. ARLEO
164 Sunset Park Road
Haines Falls, NY 12436
Telephone: (518) 589-5264
Facsimile:  (518) 751-1801
E-Mail:  r.arleo@verizon.net

*Attorneys for Plaintiff, Debbie Felix, and all others similarly situated*